STATE, DEPARTMENT OF HIGHWAYS, v.
DEAN ROBERT PONTHAN.

186 N. W. (2d) 180.

April 2, 1971—No. 42372.

*Douglas M. Head*, Attorney General, *Eric B. Schultz*, Acting

Deputy Attorney General, and *John R. Murphy*, Special Assistant Attorney General, for appellant.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

KELLY, JUSTICE.

The commissioner of highways (now commissioner of public safety and hereinafter commissioner) appeals from an order of the Washington County Municipal Court rescinding an order of the commissioner which directed revocation of respondent's driver's license pursuant to Minn. St. 169.123.[1]

The commissioner initiated proceedings to revoke the driver's license after a police officer sent in a certificate stating that respondent refused to permit a chemical test to determine the amount of alcohol in his blood. Upon notice from the commissioner that his license would be revoked, respondent requested a hearing. At the hearing, the lower court rescinded the order of revocation because the course of instruction that the police officer received from the Minnesota Bureau of Criminal Apprehension was not accredited by one of the six regional accrediting associations.

The refusal of a driver to submit to a chemical test is subject to sanction only if, as stated in § 169.123, subd. 2: "* * * The test shall be administered at the direction of a peace officer." The term "peace officer" is defined by § 169.123, subd. 1, for purposes of this section only, to mean—

"* * * a state highway patrol officer or full time police officer of any municipality or county having satisfactorily completed a prescribed course of instruction in a school for instruction of persons in law enforcement conducted by the university of Minnesota *or a similar course considered equivalent by the commissioner * * *.*" (Italics supplied.)

---

[1] See, State, Department of Highways, v. Halvorson, 288 Minn. 424, 181 N. W. (2d) 473.

The commissioner, to effectuate the legislative mandate in the foregoing italicized language of § 169.123, subd. 1, promulgated State of Minnesota, Dept. of Highways, Reg. 1. This regulation has the force and effect of law. Minn. St. 15.0413. The regulation provides in part:

"(d)  For the purposes of Chapter 454, Laws of Minnesota 1961, a course of instruction for peace officers shall be considered equivalent by the Commissioner of Highways if:

"(1)  It is conducted by a municipal, county, state or federal government agency or a college or university, accredited by one of the six regional accrediting associations."

The comma after the words "college or university" influenced the lower court to determine that the course of instruction provided by the Minnesota Bureau of Criminal Apprehension had to be accredited by one of the six regional accrediting associations. Minn. St. 645.18 provides that in no case shall the punctuation of a law control the intention of the legislature in the enactment thereof. The instant case involves a regulation rather than a law, but we think the same principles should apply where it appears obvious that the punctuation was an error.

The words "accredited by one of the six regional accrediting associations" apply to "college or university" only. The words "accredited by one of the six regional accrediting associations" do not apply to schools conducted by a municipal, county, state or Federal government agency.

Reversed.